UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ANDREW THREATT,

        Petitioner,               Case No. 2:10-cv-45

v.                                       Honorable Robert Holmes Bell

ROBERT NAPEL,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. <u>Factual Allegations</u>

Petitioner currently is incarcerated at Marquette Branch Prison. On March 20, 2003, he was convicted by a jury of one count of assault with a dangerous weapon, MICH. COMP. LAWS § 750.82. Petitioner was sentenced by the Berrien County Circuit Court as a fourth habitual offender, Mich. Comp. Laws § 769.12, to concurrent terms of incarceration of 48 to 180 months. (Pet. at 1, docket #1.) Petitioner appealed his conviction to the Michigan Court of Appeals and sought leave to appeal to the Michigan Supreme Court. The Michigan Supreme Court denied Petitioner's application on June 28, 2005.

Petitioner filed a motion for relief from judgment with the Berrien County Circuit Court on July 7, 2007, which was denied. Petitioner then sought leave to appeal to the Michigan Court of Appeals. Petitioner's application was dismissed "for failure to pursue the case in conformity with the rules." (Mich. Ct. App. Ord., docket #1-2 at 3.) Petitioner sought leave to appeal to the Michigan Supreme Court. Petitioner's request was denied on November 23, 2009. Petitioner then filed an application for habeas relief with this Court on March 3, 2010.

Petitioner raises nine grounds for relief, verbatim:

I. DEFENDANT-APPELLANT IS ENTITLED TO HAVE HIS CONVICTION AND SENTENCE VACATED BECAUSE HE WAS ARRESTED WITHOUT A WARRANT AND A WARRANTLESS SEARCH OF HIS RESIDENCE WAS UNSUPPORTED BY ANY EXCEPTION TO THE WARRANT REQUIREMENT.

II. DEFENSE COUNSEL WAS INEFFECTIVE WHERE HE FAILED TO IMPEACH OFFICER, DAVID KRUGH, WITH HIS PRELIMINARY EXAMINATION TESTIMONY, TESTIMONY WHICH WOULD HAVE UNDERMINDED KRUGH'S CREDIBILITY WITH THE JURY

III. DEFENSE COUNSEL WAS INEFFECTIVE WHERE HE FAILED TO IMPEACH OFFICER, DAVID KRUGH, AT THE WALKER HEARING WITH HIS PRELIMINARY EXAMINATION TESTIMONY, TESTIMONY

WHICH WOULD HAVE UNDERMINED HIS CREDIBILITY WITH THE TRIAL COURT.

IV. THE STATE AND FEDERAL CONSTITUTIONAL DUE PROCESS CLAUSES REQUIRE DEFENDANT'S CONVICTION BE REVERSED BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT HIS CONVICTION OF ASSAULT WITH A DANGEROUS WEAPON.

V. DEFENDANT-APPELLANT IS ENTITLED TO A CORRECTION OF THE PRESENTENCE REPORT AND A HEARING TO DETERMINE WHETHER IMPROPER CONVICTIONS WERE USED TO DETERMINE THE DEFENDANT-APPELLANT'S SENTENCE.

VII. [NO GROUND VI.] THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL WHERE APPELLATE COUNSEL FAILED TO RAISE CLAIMS OF ERROR WHICH ARE SUPPORTED BY FACTS OF RECORD, WHICH WILL BENEFIT DEFENDANT-APPELLANT IF SUCCESSFUL, AND WHICH POSSESS ARGUABLE LEGAL MERIT.

VIII. THE TRIAL COURT ERRED WHEN IT ADMITTED THE HEARSAY TESTIMONY OF OFFICER DAVID KRUGH.

X. [NO GROUND IX.] WHETHER THE PEOPLE WITHHELD EXCULPATORY INFORMATION FROM DEFENDANT-APPELLANT IN VIOLATION OF *BRADY V MARYLAND*, WHEN IT FAILED TO DISCLOSE THE NEIGHBOR'S STATEMENTS IN A 911 CALL.

XI. DEFENDANT-APPELLANT STANDS ON HIS ARGUMENT OF NUMBER 10 THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILING TO INVESTIGATE AND PRESENT A DEFENSE BASED ON HIS MEDICAL CONDITION AT THE TIME OF THE ASSAULT UPON MRS. THREATT.

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Prior to enactment

of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

sought leave to appeal to the Michigan Supreme Court. The Michigan Supreme Court denied Petitioner's application on June 28, 2005. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on September 27, 2005. *See Bronaugh*, 235 F.3d at 284-85 (under FED. R. CIV. P. 6(a), the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run).

Petitioner had one year from September 27, 2005, to file his habeas application. Petitioner filed on March 3, 2010. Obviously, Petitioner filed more than one year after the time for direct review expired. Thus, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Petitioner's one-year period expired in 2006, his collateral motion filed in 2007 does not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400

F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

          /s/ Timothy P. Greeley
          TIMOTHY P. GREELEY
          UNITED STATES MAGISTRATE JUDGE

Dated: April 20, 2010

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).